STEPHEN W. ROBERTSON #228708
**HARDY ERICH BROWN & WILSON**
A Professional Law Corporation
1000 G Street, 2nd Floor
Sacramento, California 95814
P.O. Box 13530
Sacramento, California 95853-3530
(916) 449-3800  ●  Fax (916) 449-3888

Attorneys for Defendant GOOD SAMARITAN HOSPITAL

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT

SAN JOSE DIVISION

| | |
|---|---|
| AMIE NEWMARK, individually and as guardian ad litem for CHRISTIAN NEWMARK and ANDREW NEWMARK,<br><br>Plaintiffs,<br><br>v.<br><br>GOOD SAMARITAN HOSPITAL, KAISER MEDICAL CENTER, SAN JOSE MENTAL HEALTH, HEALING TOUCH ACUPUNCTURE, MORE PHYSICAL THERAPY, GORDON WALKER, M.D., DR. EMEKA NCHEKWUBE, DR. ANNU NAVANI, and DOES 1 TO 20,<br><br>Defendant. | Case No.  5:10-CV-5032 PVT<br><br>ANSWER TO COMPLAINT FOR DAMAGES WRONGFUL DEATH AND NEGLIGENCE<br><br>PURSUANT TO NORTHERN DISTRICT LOCAL RULE 3-6(A), GOOD SAMARITAN HOSPITAL DEMANDS A JURY TRIAL |

Defendant, Good Samaritan Hospital, answers the Complaint for Damages Wrongful Death and Negligence by Amie Newmark, individually and as Guardian ad Litem for Christian Newmark and Andrew Newmark, as follows:

1.     Answering paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the factual averments contained in said paragraph, and on that basis denies each and every averment contained therein. The other averments of paragraph 1 call for legal conclusions as to which no reply is required.

/ / /

2. Answering paragraph 2 of the Complaint, said paragraph contains conclusions of law and not averments of fact for which a response is required, and on that basis, Defendant denies each and every averment contained therein.

3. Answering paragraph 3 of the Complaint, said paragraph contains conclusions of law and not averments of fact for which a response is required, and on that basis, Defendant denies each and every averment contained therein.

4. Answering paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph, and on that basis, denies each and every averment contained therein.

5. Answering paragraph 5 of the Complaint, Defendant denies that Gordon Walker, M.D., Dr. Emeka Nchekwube, or Dr. Annu Navani were the agents and employees of Defendant Good Samaritan Hospital. As to all other averments in said paragraph, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph, and on that basis, denies each and every other averment contained therein.

6. Answering paragraph 6 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph, and on that basis, denies each and every averment contained therein.

7. Answering paragraph 7 of the Complaint, Defendant denies each and every averment contained therein.

8. Answering paragraph 8 of the Complaint, Defendant denies each and every averment contained therein.

9. Answering paragraph 9 of the Complaint, Defendant denies each and every averment contained therein.

10. Answering paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph, and on that basis, denies each and every averment contained therein.

11. Answering paragraph 11 of the Complaint, Defendant denies each and every averment contained therein.


HARDY
ERICH
BROWN
&
WILSON
A Professional Law Corporation
Established in 1967

1000 G Street, 2d Floor
Sacramento, CA 95814
phone (916) 449-3800
fax (916) 449-3888

1  12.   Answering paragraph 12 of the Complaint, Defendant denies each and every averment contained therein.

13.   Answering paragraph 13 of the Complaint, Defendant admits that it received the letter addressed to Defendant Good Samaritan Hospital regarding "Notice of Intention to Commence Action Against Health Care Provider" dated February 23, 2010, attached to Plaintiffs' Complaint, shortly after February 23, 2010.  As to the other factual averments contained in said paragraph, Defendant is without sufficient knowledge or information to form a belief as to the truth of the additional averments contained in said paragraph, and on that basis, denies each and every additional averment contained therein.

14.   Answering paragraph 13 of the Complaint, Defendant incorporates by reference its response to paragraphs 1-12 of the Complaint.

15.   Answering paragraph 15 of the Complaint, Defendant denies each and every averment contained therein.

16.   Answering paragraph 16 of the Complaint, Defendant denies each and every averment contained therein.

## AFFIRMATIVE DEFENSES

As an affirmative defense to the Complaint on file herein, and each claim for relief thereof, Defendant is informed and believes, and on that basis of such information and belief, avers as set forth below:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each cause of action stated therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

This answering Defendant alleges that said Complaint fails to state a claim against Defendant upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitation including, but not limited to, California Code of Civil Procedure section 340 and/or 340.5.



HARDY ERICH BROWN & WILSON
A Professional Law Corporation
Established in 1967
1000 G Street, 2d Floor
Sacramento CA 95814
phone (916) 449-3800
fax (916) 449-3888

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs and/or Decedent freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof.

### FIFTH AFFIRMATIVE DEFENSE

The injuries and damages suffered by Plaintiffs, if any, were proximately caused in whole or in part by the fault or negligence of Plaintiffs, the Decedent, or others.

### SIXTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that at all relevant times herein, it acted reasonably, in good faith, with proper purpose, and within the standard of care applicable to this Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and/or Decedent, with the exercise of reasonable diligence and effort, would have and could have mitigated the damages alleged in the Complaint, if indeed there are. The resultant damages, if any, complained of in said Complaint were directly and proximately caused by the failure, neglect and refusal of the Plaintiffs and/or Decedent to exercise reasonable diligence and effort to mitigate the damages alleged.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

### NINTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs are barred from relief by virtue of Civil Code section 1714.8, as there can be no liability in that Plaintiffs' damages, if any, were caused by the natural course of disease or condition or were the natural or unexpected result of reasonable treatment rendered for the disease or condition.

///

///

## TENTH AFFIRMATIVE DEFENSE

In the event Plaintiffs recover a judgment against this Defendant, request is made that any such liability be apportioned under equitable principles with that of any other Defendants similarly held responsible to Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

This answering Defendant alleges on information and belief that a certain sum has been or will be paid to Plaintiffs as compensation for the same damages Plaintiffs seek against this answering Defendant and, therefore, said Defendant is entitled to a set-off in said amount against any judgment or recovery Plaintiffs may recover against this answering defendant.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to introduce evidence of any amounts paid or to be paid as a benefit to plaintiffs in, under and pursuant to Civil Code section 3333.1 and claim the protection of Civil Code section 3333.2.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to request to have future damages, if any, paid in whole or in part, as specified and provided for in Code of Civil Procedure section 667.7.

## FOURTEENTH AFFIRMATIVE DEFENSE

This answering defendant asserts that its responsibility, if any, and/or liability, if any, as to non-economic damages, if any, shall be limited to the percentage of fault attributable, if any, to this answering Defendant and a separate judgment be so rendered.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the conclusionary terms used in the Complaint. Accordingly, defendant expressly reserves the right to assert additional defenses if and to the extent that such affirmative defenses become applicable.

///

WHEREFORE, Defendant prays for the following:

1. Plaintiffs take nothing by way of the Complaint for Damages Wrongful Death and Negligence;

2. Defendant recovers its costs of suit, including attorney's fees herein; and

3. For such other relief as the Court deems proper.

Dated:  December 3, 2010             **HARDY ERICH BROWN & WILSON**
                                     A Professional Law Corporation


                                     By          /S/
                                        _____
                                        STEPHEN W. ROBERTSON
                                        STATE BAR NO. 228708

HARDY ERICH BROWN & WILSON
A Professional Law Corporation
Established in 1967

1000 G Street, 2d Floor
Sacramento, CA 95814
phone (916) 449-3800
fax (916) 449-3888

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

I declare as follows:

I am over 18 years of age and not a party to the within action; my business address is 1000 G Street, Second Floor, Sacramento, California 95814, I am employed in Sacramento County, California.

On December 3, 2010 at Sacramento, California, by use of electronic mail of the following documents: ANSWER TO COMPLAINT FOR DAMAGES, WRONGFUL DEATH AND NEGLIGENCE on the following interested parties in Case No. 5:10-CV-5032 by transmitting electronically to the following:

| Attorney | Representing |
|---|---|
| Anthony H. Santucci, Esq.<br>1459 18th Street, #210<br>San Francisco, CA 94107<br>Email: thegreat426@sbcglobal.net | Plaintiffs |
| George E. Clause<br>Hayes Scott Bonino Ellington & McLay, LLP<br>203 Redwood Shores Pkwy., Ste. 480<br>Redwood City, CA 94065<br>Email: gclause@hayesscott.com | Defs. Kaiser Foundation Hospital and The Permanente Medical Group, Inc. |
| Michael T. Pyle<br>Assistant United States Attorney<br>150 Almaden Blvd., Ste. 900<br>San Francisco, CA 95113<br>Email: michael.t.pyle@usdoj.gov | Defs. United States of America and VA San Jose Clinic |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on December 3, 2010, at Sacramento, California.

Diane R. Phelps