MELINDA HAAG (CABN 132612)
United States Attorney
JOANN M. SWANSON (CABN 88143)
Chief, Civil Division
MICHAEL T. PYLE (CABN 172954)
Assistant United States Attorney

    150 Almaden Blvd., Suite 900
    San Jose, California 95113
    Telephone:  (408) 535-5087
    Facsimile:   (408) 535-5081
    Email:      michael.t.pyle@usdoj.gov

Attorneys for Federal Defendants
United States of America and VA San Jose Community Based Outpatient Clinic
(improperly named as Defendant San Jose Mental Health)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| AMIE NEWMARK, individually and as guardian ad litem for Christian Newmark and Andrew Newmark,<br><br>             Plaintiffs,<br><br>    v.<br><br>GOOD SAMARITAN HOSPITAL, KAISER MEDICAL CENTER, SAN JOSE MENTAL HEALTH, HEALING TOUCH ACUPUNCTURE, MORE PHYSICAL THERAPY, GORDON WALKER, M.D., DR. EMEKA NCHEKWUBE, DR. ANNU NAVANI, and DOES 1 to 20,<br><br>            Defendants. | **Civil Action No. C 10-5032 LHK PSG**<br><br>**Federal Defendants' Reply Memorandum in Support of Motion to Dismiss**<br><br>Date:     February 10, 2011**<br>Time:    1:30 p.m.<br>Courtroom:  4, 5th Floor<br>Hon. Lucy H. Koh<br><br>** The Federal Defendants submit that this matter can be resolved without a hearing. *See* Civil Local Rule 7-1(b) ("In the Judge's discretion . . . a motion may be determined without oral argument . . ."). |

### I.    INTRODUCTION

       Plaintiff's opposition brief ("Opp. Br.") concedes that the only claim against a defendant named "San Jose Mental Health" is that it was allegedly negligent in providing medical care that allegedly led to a wrongful death of David Newmark on February 25, 2009. Plaintiff does not address the evidence submitted by the Federal Defendants that the entity he is trying to sue (and purported to serve) is the <u>VA San Jose Community Based Outpatient Clinic</u> (not "San Jose Mental Health") and that this entity is part of the VA  *See* Declaration of Suzanne Will ("Will

**Reply Memorandum In Support of Motion to Dismiss**
**C-10-5032 LHK PSG**                      1

1  Dec."), ¶ 4.

2  The Federal Defendants submit that the only proper claim that can be brought with
3  respect to what Plaintiff calls "San Jose Mental Health" is a claim against the United States of
4  America under the Federal Tort Claims Act, and that no such claim can be pursued at this time
5  because it is undisputed that Plaintiff has not submitted an administrative tort claim.

6  **II. ARGUMENT**

7      **A.    Plaintiff Has Not Exhausted Her Administrative Remedies.**

8  The only potential basis for subject matter jurisdiction and a waiver of sovereign
9  immunity as to Plaintiff's claim is the Federal Tort Claims Act ("FTCA"). The FTCA, 28 U.S.C.
10 § 1346(b), provides a cause of action against the federal government for "persons injured by the
11 tortious activity of an employee of the United States where the employee was 'acting within the
12 scope of his office or employment . . . .'" *Wilson v. Drake*, 87 F.3d 1073, 1076 (9th Cir. 1996)
13 (citing *Meridian Int'l Logistics v. United States*, 939 F.2d 740, 742 (9th Cir. 1991)). The Federal
14 Employees Liability Reform and Tort Compensation Act of 1988 (FELRTCA), which amended
15 the FTCA, provides that "[t]he remedy against the United States" under the FTCA "is exclusive
16 of any other civil action or proceeding for monetary damages." 28 U.S.C. § 2679(b)(1).

17 Under the FTCA, the only proper defendant is the United States, not "San Jose Mental
18 Health." Thus, "San Jose Mental Health" should be dismissed from the case with prejudice. 28
19 U.S.C. § 2679(a); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984) (under the
20 FTCA the United States is "the sole party" which may be sued; "[i]ndividual agencies of the
21 United States may not be sued"). Plaintiff ignores this point.

22 There is no question that Plaintiff's claim is within the ambit of the FTCA, since it is an
23 action "for money damages for . . . death caused by the negligent or wrongful act or omission of
24 any employee of the Government while acting within the scope of his office or employment." 28
25 U.S.C. § 2675(a). Section 2675 requires that the claimant present a claim to the appropriate
26 Federal Agency (here the VA), something Plaintiff has not done here. Will Decl., ¶¶1-3. "The
27 claim requirement of section 2675 is jurisdictional in nature and may not be waived." *Burns v.*
28 *United States*, 764 F.2d 722, 723 (9th Cir. 1985).

**Reply Memorandum In Support of Motion to Dismiss**
**C-10-5032 LHK PSG**        2

Plaintiff cites *Spawr v. United States*, 796 F.2d 279, 280 (9th Cir. 1986) for the proposition that suits filed to obtain contribution or indemnity do not require the filing of an administrative claim prior to filing suit. *See* Opp. Br. at 2. That is not what *Spawr* held. *Spawr* affirmed the dismissal of a claim for damages where the plaintiff had not filed an administrative claim prior to filing suit and rejected the argument that the plaintiff's claim was a counterclaim exempt from the FTCA. *Id*. at 280-81; *see also* 28 U.S.C. §2675(a) ("The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party-complaint, cross-claim or counterclaim."). The Ninth Circuit explained that counterclaims are exempt from the FTCA only when the principal action by the United States was in tort and the counterclaim was compulsory in nature. *Id.* There is no pending suit by the United States to which Plaintiff could bring a counterclaim for wrongful death. Plaintiff's argument to avoid the FTCA is without merit. The fact that her proposed order seeks the dismissal of "San Jose Mental Health" and a remand of the remaining defendants confirms that Plaintiff cannot bring an action against the United States since she has not filed an administrative claim, much less exhausted that claim. *See* Opp. Br. at p. 5 (Plaintiff's proposed order).

      **B.**      **Plaintiff Failed to Properly Serve the United States.**

Plaintiff tacitly concedes that she has not served the United States and thus cannot satisfy her burden of proof to establish effective service. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). The Court has broad discretion to dismiss the action or to retain the case but to quash the service that has been made on the defendant. *Stevens v. Security Pac. Nat'l Bank,* 538 F.2d 1387, 1389 (9th Cir.1976) ("The choice between dismissal and quashing service of process is in the district court's discretion."). Here it may be more appropriate to quash the service to allow time for proper service, but the issue will presumably be moot because of Plaintiff's failure to comply with the administrative claim requirements of the Federal Tort Claims Act.

**III.**      **CONCLUSION**

The United States of America requests that the Court grant its motion to dismiss. The entity "San Jose Mental Health" should be dismissed with prejudice since the United States is the

**Reply Memorandum In Support of Motion to Dismiss**
**C-10-5032 LHK PSG**               3

only proper defendant in a claim against VA San Jose Community Based Outpatient Clinic, the VA facility that Plaintiff attempted to serve. The United States can be dismissed without prejudice. The United States has no objection to Plaintiff's request that the case be remanded to State Court upon the dismissal of the case against the United States because of the apparent absence of any other basis for federal jurisdiction.

Dated: January 10, 2011                                  Respectfully submitted,

                                                              MELINDA L. HAAG
                                                              United States Attorney

                                                              _____/s/Michael T. Pyle_____
                                                              MICHAEL T. PYLE
                                                              Assistant United States Attorney