United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMIE NEWMARK,                                     ) | Case No.: 10-CV-05032-LHK |
| )| |
| Plaintiff,            ) | ORDER DISMISSING FEDERAL |
| )| DEFENDANT WITHOUT PREJUDICE |
| v.                          ) | AND REMANDING CASE TO SANTA |
| )| CLARA COUNTY SUPERIOR COURT |
| GOOD SAMARITAN HOSPITAL, et al.,  ) | |
| )| |
| Defendants.          ) | |
| )| |

On May 24, 2010, Plaintiff Amie Newmark ("Plaintiff") filed suit in Santa Clara County Superior Court against Defendants Good Samaritan Hospital, Kaiser Medical Center, Healing Touch Acupuncture, More Physical Therapy, Gordon Walker, M.D., Dr. Emeka Nchekwube, Dr. Annu Navani, and also against an entity Plaintiff refers to as "San Jose Mental Health." Plaintiff alleges that Defendants failed to diagnose and negligently treated her now deceased husband, David Newmark. On November 8, 2010, the United States Government ("Government") removed this action to federal court on the ground that "San Jose Mental Health" is actually part of the federal Veterans Administration (VA), and is a federal agency known as the VA San Jose Community Based Outpatient Clinic ("Federal Defendant").

The United States has filed a motion to dismiss, and noticed a hearing for February 10, 2011. The Court finds this matter appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). The February 10, 2011 motion hearing and Case Management Conference

1

Case No.: 10-CV-05032-LHK
ORDER REMANDING CASE

1   are vacated.  The Court GRANTS the motion to dismiss and REMANDS the case.

2          The United States has moved to dismiss on three grounds: (1) that any potential claim

3   against the Federal Defendant can only be brought against the United States (not the federal agency

4   itself) under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346(b); (2) that Plaintiff has

5   failed to exhaust administrative remedies as required by the FTCA; and (3) that Plaintiff has not

6   properly served the United States with a summons and complaint.

7          Plaintiff objects to dismissal on the basis of defective service, but does not dispute that "San

8   Jose Mental Health" is actually a federal agency and that only the United States can be a proper

9   defendant.  Citing to the multiple non-federal Defendants involved, Plaintiff seeks remand in the

10  event of dismissal as to the Federal Defendant.  Plaintiff also suggests that dismissal without

11  remand "would be extremely prejudicial."  *See* Pl.'s Opp'n to Mot. to Dismiss at 3.  The

12  Government has no objection to Plaintiff's request for remand in the event of dismissal of the

13  Federal Defendant without prejudice.  *See* Gov't Reply at 4.

14         The Government is correct that Plaintiff's claims for wrongful death and negligence fall

15  under the FTCA because it is an action "for money damages for . . . death caused by the negligent

16  or wrongful act or omission of any employee of the Government while acting within the scope of

17  his office or employment."   *See* 28 U.S.C. § 2675(a).  In such actions, the proper defendant is the

18  United States, not the "San Jose Mental Health" / VA San Jose Community Based Outpatient

19  Clinic.  *See* 28 U.S.C. § 2679.  Moreover, a claimant must first present a claim to the appropriate

20  federal agency in order to exhaust her administrative remedies.  *See Burns v. United States*, 764

21  F.2d 722, 724 (9th Cir. 1985) ("The claim requirement of section 2675 is jurisdictional in nature

22  and may not be waived.").  Plaintiff has failed to exhaust her administrative remedies, and thus her

23  claims against the United States are dismissed without prejudice.[1]  Plaintiff's claims against the

24  improperly named "San Jose Mental Health" are dismissed with prejudice.

25         As the claims against the United States have been dismissed, and both Plaintiff and the

26  Government agree that remand is appropriate, the Court REMANDS this action to the Santa Clara

27

28         _____
           [1] The Government acknowledges that dismissal of Plaintiff's claims against the United
    States for failure to exhaust moots the Government's argument for defective service.  *See* Gov't
    Reply at 3.

2

County Superior Court.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 4, 2011

LUCY H. KOH
United States District Judge

Case No.: 10-CV-05032-LHK
ORDER REMANDING CASE